Jonathan Stone, Esq./JS 2773
490 Schooley's Mountain Road – Bldg. 3A
Hackettstown, NJ 07840-4002
Tel. (908) 979-9919 / Fax. (908) 979-9920
Attorney for Debtor

| | |
|---|---|
| In re:<br><br>Charles Anthony O'Connor<br><br>Debtor(s). | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>THE HONORABLE KATHRYN C. FERGUSON<br><br>Chapter 13<br><br>Case No. 12-28723 (KCF)<br><br>Hearing Date: November 14, 2012 at 9:00am<br><br>Oral Argument Requested If An Objection Is Timely Received |

**MOTION SEEKING AN ORDER DIRECTING CASE TO BE TRANSFERRED TO THE HONORABLE ROSEMARY GAMBARDELLA FOR JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 13 CASES FOR PROCEDURAL PURPOSES ONLY**

The Debtor, Charles Anthony O'Connor (hereinafter "Debtor"), by and through his undersigned counsel, by way of this motion (hereinafter the "Motion") seeking an order directing that his case to be transferred to the Honorable Rosemary Gambardella for a joint administration of the Debtors' chapter 13 cases pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015 for procedural purposes only, hereby states as follows:

## Background

### The Prior Bankruptcy

1. On October 2, 2006, Carolyn F. O'Connor filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code under case number 06-19496 (KCF). *See* Exhibit A.

2. This case was confirmed on February 7, 2007. *See id.*

3. Carolyn F. O'Connor paid $201,346.80 to the Standing Chapter 13 Trustee during this case. *See id.*

4. The Internal Revenue Service received $159,183.61. *See id.*

5. On April 12, 2012, Carolyn F. O'Connor received a Discharge of Debtor After Completion of Chapter 13 Plan. *See* Exhibit B.

### Charles Anthony O'Connor

6. On July 28, 2012, Charles Anthony O'Connor, the husband of Carolyn F. O'Connor, filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code under case number 12-28723 (KCF).

7. Carolyn F. O'Connor did not want to file another bankruptcy because she just successfully completed a chapter 13 plan, paying $201,346.80 to her creditors. *See* Declaration of Carolyn O'Connor.

### Factors Leading Up to Carolyn F. O'Connor's Filing of a Chapter 13

8. On or about July 16, 2012, Carolyn F. O'Connor was named as a defendant in the Superior Court of New Jersey, Law Division under Docket Number WRN-L-275-12.

9. On or about August 28, 2012, Carolyn F. O'Conner received correspondence from the Internal Revenue Service demanding monies owed for the following years:

   a. 2006: $73,210.70

   b. 2007: $687.17

   c. 2008: $1,747.45

   d. 2009: $14,402.75

   e. 2010: $12,982.40

   f. 2011: $98,371.53

*See* Exhibit C.

10. Carolyn F. O'Connor, with an income of approximately $350,000.00 per year, is optimistic that in the context of a chapter 13 proceeding, she will be able to quickly and efficiently repay her priority income tax obligations through this bankruptcy reorganization and by not getting into further tax difficulties in the future by setting up an escrow account with the employer.

### Jurisdiction and Venue

11. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12. The relief sought herein is based on 11 U.S.C. § 105(a) and Fed. Bankr. R. 1015.

### Relief Requested

13. By this Motion, the Debtor seeks to have his case transferred to the same judge as his wife's case so that there is a joint administration of their chapter 13 cases for procedural purposes only. In the pending Motion to Consolidate, the Debtor requests that the Court maintain

one file and one docket for each of the jointly-administered cases. The Debtor proposes to designate the chapter 13 case of Carolyn F. O'Connor as the main bankruptcy case because she makes approximately 10 times the income of the Debtor and she is the one who primarily will be funding the plan of reorganization.

14. Fed. R. Bank. P. 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors in these cases are Charles Anthony O'Connor and Carolyn F. O'Connor.

15. Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code[." 11 U.S.C. § 105(a).

16. Rule 1015 of the Federal Rules of Bankruptcy Procedure promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.,* 954 F.2d 1, 11 (1st Cir. 1992).

17. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors and their estates. But first, the Debtor's case needs to be transferred to one judge to comply with Fed. R. Bankr. P. 1015(a)'s requirement that a consolidation may be allowed if the petitions are "pending in the same court". Fed. R. Bankr. P. 1015(a).

18. The Debtors anticipate that notices, motions, other pleadings, hearings, and order in these chapter 13 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

19. Joint administration will permit the Clerk to use a single general docket for both of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties in interest. Joint administration will also protect parties in interest by ensuring that parties in interest in each chapter 13 case will be apprised of the various matters before the Court in the other case.

20. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular debtor. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

21. The Debtors also submit that supervision of the administrative aspects of these chapter 13 cases by one Standing Chapter 13 Trustee will be simplified if the cases are jointly administered as requested herein.

**WHEREFORE,** the Debtor respectfully request the entry of an Order in substantially the form submitted herewith, granting the relief requested herein and such other and further relief as may be just and proper.

DATED: Tuesday, October 09, 2012

/s/ *Jonathan Stone*
Jonathan Stone, Esq.
Attorney for Debtor